I concur in the majority opinion except to the extent explained below.
Like the majority, I too would remand this cause for the trial court to enter a judgment that complies with the requirements of Rule 32(A), Ala.R.Jud.Admin., insofar as the income-tax-deduction issue is concerned. However, based upon my reading of Rule 32(A), my instructions to the trial court would vary slightly from those in the majority opinion.
The only requirement in Rule 32(A) for a "written finding" is the requirement that, in order to rebut the presumption that the amount of the award resulting from the application of the child-support guidelines established by Rule 32 is the correct child-support amount, a trial court make a "written finding on the record" indicating that the application of the guidelines would be "unjust or inappropriate." The trial court's judgment in this case does not contain such a finding; therefore, this cause must be remanded.
As for Rule 32(A)(ii), however, that subsection merely provides that a finding such as that described above may be "based upon . . . [a]determination by the court . . . that application of the guidelines would be manifestly unjust or inequitable," and, if it is based on such a determination, the trial court must make that determination "based upon evidence presented in court and stating the reasons therefor." (Emphasis added.) In this case, the trial court stated on the record in open court "the reasons therefor." I, therefore, am of the view that that requirement of Rule 32(A)(ii) has been satisfied in this case. *Page 972